UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

Case No. _____

JOE DOWELL,

        Plaintiff,

v.

JENSEN USA, INC., a North Carolina corporation,

        Defendant.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, JOE DOWELL ("Dowell"), through undersigned counsel, files this Complaint for Damages against Defendant JENSEN USA, INC., a North Carolina corporation ("Defendant") seeking unpaid overtime wages, and states as follows:

## JURISDICTION

1. This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA").

2. This Court has jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

3. At all times pertinent to this Complaint, the Defendant was an enterprise engaged in interstate commerce within the meaning of the FLSA.

4. At all times pertinent to this Complaint, the Defendant owned and operated a business engaged in interstate commerce or in the production of goods for commerce as defined in §3(r) and §3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

1

5. The Defendant is a laundry industry-supplier of garment, flatwork, washroom, and textile systems and services. Among other things, Defendant manufactures, sells, and services heavy duty industrial laundry equipment and systems.

6. Defendant does business throughout the United States and regularly moves "goods" and "materials" in interstate commerce.

7. Dowell's work for Defendant involved interstate commerce as he was regularly required to travel from Florida to other states to service and repair machines sold by Defendant.

8. As a result, Dowell's work involved handling on a regular and recurrent basis "good" or "materials," as defined by the FLSA, which were used commercially in Defendant's business, and moved in interstate commerce. Such goods and materials included machines and machine parts related to laundry equipment sold by Defendant.

9. Additionally, Defendant regularly employed two or more employees for the relevant time period who handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standard Act.

10. Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees and customers.

11. Upon information and belief, during the relevant time period, the Defendant had an annual gross volume of sales made or business done of not less than $500,000.

12. The Defendant is subject to the jurisdiction of this Court because it engages in substantial and not isolated activity within the Northern District of Florida, including, but not limited to, at its principal address of 99 Aberdeen Loop, Panama City, Florida.

13. The Defendant is also subject to the jurisdiction of this Court because it operates, conducts, engages in, and/or carries on business in Panama City, Florida within the Northern District of Florida.

## VENUE

14. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida.

    b. Defendant was and continues to be a corporation doing business within this judicial district.

## PARTIES

15. At all times material hereto, Dowell was an "employee" of Defendant within the meaning of the FLSA.

16. At all times material hereto, Defendant was conducting business in Panama City in Bay County, Florida with its principal place of business at 99 Aberdeen Loop, Panama City, Florida.

17. At all times material hereto, Defendant was Plaintiff's employer.

18. At all times material hereto, Defendant knowingly and willfully failed to pay Dowell his lawfully earned wages in conformance with the FLSA.

19. Defendant is liable for monetary damages for violations of the FLSA.

20. At all times material hereto, the work performed by Dowell was directly essential to the business performed by Defendant.

21. Dowell has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

22. Dowell began working for Defendant servicing and repairing machines in approximately August 2015.

23. Dowell was employed by Defendant continuously until Dowell's resignation on approximately March 15, 2019.

24. While employed by Defendant, Dowell was paid an hourly wage that increased from $23.00/hour to $24.28/hour.

25. Defendant knowingly and willfully operates its business with a policy of not paying all overtime wages in conformance with applicable law.

26. Despite reporting his working hours to Defendant, Dowell was not paid overtime at a rate of time and one-half his regular rate for all of the hours he worked each week that exceeded forty.

27. Dowell has retained the undersigned law firm to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: OVERTIME VIOLATION: 29 U.S.C. § 207

28. Dowell incorporates and re-adopts the allegations contained in paragraphs 1-27 above as if set out in full herein.

29. Dowell's employment with Defendant consisted of a normal work week for which he should have received time and one-half hours worked in excess of the maximum hours provided for in the FLSA.

30. During his employment with Defendant, Dowell regularly worked in excess of forty (40) hours per week for which he was not always compensated at the statutory rate of time and one-half for all of his hours in excess of forty. Dowell was entitled to be paid at a rate of time and one-half for all of his hours worked in excess of the maximum hours provided for in the FLSA.

31. Records, if any, concerning the number of hours reported and worked by Dowell are in the possession and custody of Defendant. Dowell intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of court to amend his Complaint for Damages to set forth the precise amount due to him.

32. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Dowell at the statutory rate of time and one-half for all hours he worked in excess of forty (40) per week when it knew or should have known such was due.

33. Defendant failed to properly disclose or apprise Dowell of his rights under the FLSA.

34. As a direct and proximate result of Defendant's willful disregard of the FLSA, Dowell is entitled to liquidated damages pursuant to the FLSA.

35. Due to the willful and unlawful actions of Defendant, Dowell has suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

36. Dowell is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Dowell respectfully requests that judgment be entered in his favor against Defendant:

a. Declaring that Defendant violated the overtime provisions of 29 U.S.C. §207;

b. Awarding Dowell overtime compensation in the amount calculated;

c. Awarding Dowell liquidated damages in the amount calculated;

d. Awarding Dowell reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Dowell post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right by jury.

Dated: August 26, 2019                                  Respectfully Submitted,

*/s/ Harris Nizel*
HARRIS NIZEL (Florida Bar No.: 0807931)
Email: harris@nizel.com
Nizel Law, P.A.
4700 Sheridan St., Suite J
Hollywood, FL 33021
Telephone: (954) 653-8300
*Counsel for Plaintiff*